### YOUNG v. YOUNG et al.

*(Common Pleas of New York City and County, General Term. March 7, 1892.)*

APPEAL—SETTLEMENT OF CASE—FILING NOTICE OF EXCEPTIONS.

 Where plaintiff merely served his exceptions to the refusal of the court to find certain facts on defendant's attorney, and incorporated them in his proposed case on appeal, but failed to file a notice of exception in the clerk's office, as required by Code Civil Proc. N. Y. § 994, the judge, on settlement of the case, properly struck therefrom the exceptions in question, and the requests to which they referred.

Appeal from special term.

Action by John W. Young against Sophia Young and another. From an order denying plaintiff's motion for a resettlement of the case, or restoration thereto of his requests and exceptions stricken therefrom, plaintiff appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF, J.

*Bullard & Shannon*, for appellant. *Deyo, Duer & Bauerdorf*, for respondent Sophia Young.

DALY, C. J. The plaintiff submitted to the judge by whom the case was tried, without a jury, certain requests for findings of fact and of law, which were refused. If he desired to except to such refusal he was required to file a notice of exception in the clerk's office, and to serve a copy thereof upon the attorney for the adverse party. Code, § 994. It appears from the affidavit made on his behalf upon the motion that he merely served his exceptions to the decision upon his adversary, and incorporated his exceptions to the refusals of his requests in his proposed case on appeal. On settlement of the case, the judge struck out such exceptions, together with the requests and refusals to which they referred. A motion to restore them to the case was made, and denied. and from the order entered upon such denial this appeal is taken. It is

·apparent that the order was correct. While the case should contain so much -of the evidence and other proceedings as is material to the questions to be ·raised, and also the exceptions taken by the party making the case, (Code, § ·997, 2 Rum. Pr. 391,) it should not contain exceptions which had not been duly and properly taken, nor any of the proceedings to which those exceptions re- ·fer. Refusals to find in accordance with requests are rulings upon a question -of law, (Code, § 993,) and exceptions to rulings upon questions of law must ·be filed in the clerk's office, so that they may be either inserted in or annexed ·to the judgment roll, (section 994.) The judge who disposes of the requests may either file or return them to the attorney, (section 1023;) but, whichever -course is adopted, it is the duty of the latter, if he wishes to take a valid ex- -ception to the disposition made of them, to file such exception with the clerk, and serve a copy upon his adversary within 10 days after he receives a copy of the decision of the court, and notice of the entry of judgment thereupon, (section 994.) The language of that and the preceding section excludes the inference that the exceptions to be so filed are only the exceptions to the facts found in support of the decision. The words of the sections apply to all ex- ·ceptions to all rulings upon request, and a literal compliance with the enact- ·ment involves neither hardship nor inconvenience. Order affirmed, with costs.