### PEOPLE v. SAMUELS.

*(Common Pleas of New York City and County, General Term.*  May 12, 1892.)

Argued before BOOKSTAVER and BISCHOFF, JJ.

*De Lancy Nicoll,* for the People.    *Wm. J. Bayham,* for defendant.

No opinion.    Motion to vacate judgment entered on a forfeited recognizance granted.    See 7 N. Y. Supp. 659; 18 N. Y. Supp. 951.

---

### YOUNG, Respondent, v. YOUNG, Appellant.

*(Common Pleas of New York City and County, General Term.*  May 12, 1892.)

Action by John W. Young against Sophia Young.

Argued before BOOKSTAVER and BISCHOFF, JJ.

No opinion.    Motion to dismiss appeal denied, without costs, and with liberty to renew at next general term.    See 18 N. Y. Supp. 116, 30 N. E. Rep. 1012.

---

### PEOPLE ex rel. MURPHY v. PURROY et al., Police Commissioners.

*(Common Pleas of New York City and County, General Term.*  May 14, 1892.)

*Certiorari* on the relation of Alexander Murphy to review the decision of Henry D. Purroy and others, board of police commissioners, dismissing relator from the police force.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*L. J. Grant,* for relator.    *W. H. Clark,* for respondents.

PER CURIAM.    We do not think there is any irregularity on the part of the commissioners shown in this case.    It was tried in the ordinary way before one commissioner, who reported it to the full board, and the full board acted upon that report.    We do not think there was any rule of law violated on the trial of the relator; no injustice was done to him upon that trial.    The evidence in the case abundantly supports the finding of the police commissioners, to wit, that the relator was under the influence of liquor at the time and unfit for duty; and we think that, although there is evidence which might have justified the commissioners in arriving at a different conclusion from that which they did arrive at, yet that there was quite sufficient to sustain the finding that they did, and that it is not in the interest of the public service that the judgment of the commissioners should be interfered with lightly. In our opinion there is no such preponderance of evidence as would warrant us in reversing the finding of fact which they made.

Ordered that the writ be dismissed, and judgment of the board affirmed, with costs.

---

### MATTLAGE, Appellant, v. NEW YORK EL. R. Co. et al., Respondents.

*(Common Pleas of New York City and County, General Term.*  June 27, 1892.)

Appeal from trial term.

Action by Charles F. Mattlage against the New York Elevated Railway Company and another.    From a judgment for defendants, plaintiff appeals. Affirmed.

For former reports, see 11 N. Y. Supp. 482; 17 N. Y. Supp. 536.

Argued before BISCHOFF and PRYOR, JJ.

*C. D. Ridgway,* for appellant.    *Davies, Short & Townsend,* for respondents.

PER CURIAM.    The plaintiff is now and for many years has been the owner of the premises on the southwest corner of Warren and Greenwich streets, in